IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMAAL O. WINGFIELD,
  Plaintiff,

v.                                                            Civil No. 3:25cv171 (DJN)

HENRICO REGIONAL JAIL EAST, *et al.*,
  Defendants.

## MEMORANDUM OPINION

Jamaal O. Wingfield, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wingfield's Second Particularized Complaint (ECF No. 12) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Second Particularized Complaint (ECF No. 12) and the action will be DISMISSED.

### I.     LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1]   The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   BACKGROUND

By Memorandum Order entered on July 18, 2025, the Court directed Wingfield to particularize his complaint, because the pleading named a defendant not subject to suit under § 1983 and failed to provide another defendant with fair notice of the law and facts upon which Wingfield sought to hold her liable. (ECF No. 7.) The Court explained as follows:

> Plaintiff's current allegations [ ] fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiffs "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).
>     Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:
>
>     a.   At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital

3

letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:25CV171."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(*Id.* at 1–2.)

On August 13, 2025, Wingfield filed a Particularized Complaint. (ECF No. 9.) Despite the Court's clear instructions as to the form and contents of any amended complaint, the Particularized Complaint was deficient. Indeed, the pleading complied with the Court's directions only to the extent that it named Sergeant Lockheart as a defendant and included a prayer for relief. (*Id.*) It did not, as was required, contain numbered paragraphs setting forth a statement of the facts underlying Wingfield's claim or claims. Instead, the Particularized Complaint's numbered paragraphs consisted exclusively of citations to state statutes and federal case law. (*Id.*) Accordingly, by Memorandum Order entered on August 28, 2025, the Court explained as follows:

> The particularized complaint fails to provide the defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp.*

4

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:25CV171."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. **Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.**
>
> c. The second particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

[. . .]

[] Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 10 at 1–2.)

On September 18, 2025, the Court received Wingfield's Second Particularized Complaint (ECF No. 12), which largely failed to fix its predecessor's deficiencies. In the pleading, Wingfield once more provided a list of defendants ("Sgt. Lockheart and Henrico Regional Jail

East") and a prayer for relief, but he also failed again to offer facts sufficient to provide any defendant fair notice of the factual basis of the claims against them, let alone provide facts sufficient to withstand dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). In relevant part, the Second Particularized Complaint alleges as follows:

> Per Jail policy[,] no inmate shall be denied medical treatment. Sgt. Lockheart violated my Eighth Amendment civil rights by denying me proper medical treatment. . . . After a major health concern had been raised, Sgt. Lockheart then went against public policy and procedure by threatening to issue a charge and having me removed from the rise program if my medical test didn't come back positive after I was clearly showing signs of COVID-19.

(ECF No. 12 at 1 (capitalization corrected).) The remainder of the Second Particularized Complaint is devoid of factual allegations and instead consists solely of case citations and broad statements of legal principles. (*Id.* at 1–2.) Wingfield asserts that Sergeant Lockheart and the Henrico County Regional Jail violated his Eighth Amendment right to be free from cruel and unusual punishment and his "fourteenth amendment under health, safety and morals and rights of prisoners." (*Id.* at 2.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Wingfield's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons set forth below, Wingfield's Second Particularized Complaint, and this action, will be dismissed for failing to state a claim for relief and as frivolous.

#### A. Henrico County Regional Jail is not a "Person" Subject to Suit under § 1983

First, to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred

by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). As the Court already informed Wingfield, "inanimate objects such as buildings, facilities, and grounds" and collective terms such as "staff" or "agency" are not persons amenable to suit under § 1983. *See Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983); *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (explaining that the plaintiffs "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'") (internal quotations omitted). Accordingly, Wingfield's claim against the Henrico County Regional Jail is legally frivolous and will therefore be DISMISSED.

### B. Fourteenth Amendment Claim

Because Wingfield was incarcerated at a regional jail at the time of the events described in the Second Particularized Complaint, he was likely a pretrial detainee and not a convicted prisoner at the time that his claims arose. Consequently, the Fourteenth Amendment, not the Eighth Amendment, governs his claims. *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). The Due Process Clause of the Fourteenth Amendment "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" *Short v. Hartman*, 87 F.4th 593, 608–09 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). A pretrial detainee may "state a claim under the Fourteenth Amendment, based on a purely objective standard, for prison officials'

7

deliberate indifference to excessive risks of harm." *Id.* at 604–05. To state a claim for deliberate indifference to a medical need, a pretrial detainee must plead that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Id.* at 611.

Wingfield fails to satisfy these factors. First, although the Second Particularized Complaint suggests that Wingfield demonstrated symptoms of COVID-19, it neither identifies those symptoms and their severity nor alleges that Wingfield was at a higher-than-average risk of health complications from contracting the virus. These allegations are insufficient to state a claim. *See Harvey v. Mahon*, No. Civ. A. 7:02cv00829, 2004 WL 3334794, at *6 (W.D. Va. Aug. 30, 2004) (granting motion to dismiss as to claim where plaintiff "[did] not allege any specific facts concerning the symptoms or effects" of a condition he purported to suffer while incarcerated).

Second, although the Second Particularized Complaint suggests that Sergeant Lockheart addressed Wingfield tactlessly,[2] it does not suggest that she intentionally, knowingly, or recklessly failed to address any medical risk Wingfield faced. Rather, the pleading suggests that Lockheart was aware that Wingfield had been tested for COVID-19 and was awaiting the results of that test. Moreover, the pleading does not suggest that Sergeant Lockheart would have been responsible for providing any medical care that Wingfield may have required. Accordingly, the

---

2    To the extent that Wingfield seeks relief on the basis of Sergeant Lockheart's alleged threat to remove him from an institutional program, he is not entitled to such relief, for "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." *Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) (citations omitted).

8

Second Particularized Complaint fails to satisfy the second prong of the test stated in *Short*. *See, e.g., Brown v. Wagner*, No. 8:24-cv-07076-BHH-KFM, 2024 WL 5315321, at *4 (D.S.C. Dec. 13, 2024), *R&R adopted*, 2025 WL 55043 (D.S.C. Jan. 9, 2025) (recommending dismissal of Fourteenth Amendment claim based on alleged denial of "unspecified medical care" where the complaint failed to allege "how the defendants named in this action were responsible" for the alleged denial).

Finally, the Second Particularized Complaint does not state that Wingfield actually suffered any harm. Indeed, it does not even specify whether Wingfield ultimately tested positive for COVID-19, let alone allege that he suffered any harm, such as a serious or lasting illness. On these bases, the Court finds that the Second Particularized Complaint fails to state a claim for relief and will therefore be DISMISSED.

## IV. CONCLUSION

For the reasons stated above, Wingfield's Second Particularized Complaint, and this action, will be DISMISSED as legally frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wingfield.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date:   November 17, 2025